**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SUMMER HILL NURSING HOME LLC,

Plaintiff,

v.

MICHAEL O. LEAVITT, Secretary, U.S. Department of Health and Human Services, and
KERRY N. WEEMS, Acting Administrator, Centers for Medicare & Medicaid Services, U.S. Department of Health and Human Services,

Defendants.

Civil No. 08-00268 (RMC)

**ECF**

**ANSWER**

Defendants Michael O. Leavitt, Secretary of Health and Human Services (the "Secretary"), and Kerry N. Weems, Acting Administrator, Centers for Medicare & Medicaid Services (the "Administrator"), by and through their undersigned counsel, hereby answer Plaintiff's Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendants answer the numbered paragraphs of the Complaint, using the same numbering contained in the Complaint, as follows:

1-3. Admit.

4. Admit that Centers for Medicare & Medicaid Services contracts with fiscal intermediaries to assist it in determining and administering payments to Medicare providers, but

otherwise deny.

5. Admit

6. This paragraph contains conclusions of law, to which no response is required; a characterization of Plaintiff's action, to which no response is required; and Plaintiff's characterizations of the December 20, 2007 final decision of the Administrator, the November 1, 2007 decision of the Provider Reimbursement Review Board ("PRRB"), and the Notice of Program Reimbursement ("NPR") issued by the fiscal intermediary ("Intermediary") for the fiscal year ending December 31, 2004, which speak for themselves. Defendants deny any such characterizations of the Administrator's decision, the PRRB's decision, and the NPR, and respectfully refer the Court to the Administrator's decision at Administrative Record ("A.R.") 2-13, the PRRB's decision at A.R. 72-77, and the NPR at A.R. 233-34.

7-8. These paragraphs contain conclusions of law, to which no response is required.

9-10. These paragraphs contain characterizations of the Medicare statute, which speaks for itself. Defendants deny any such characterizations and respectfully refer the Court to the cited provisions of the statute for a complete and accurate statement of their contents.

11. Admit.

12-13. These paragraphs contain characterizations of Medicare regulations, which speak for themselves. Defendants deny any such characterizations and respectfully refer the Court to the cited regulations for a complete and accurate statement of their contents.

14. This paragraph contains a conclusion of law, to which no response is required.

15-19. Admit.

20. Admit the first sentence. The second sentence contains a conclusion of law, to which

no response is required.

21. This paragraph contains Plaintiff's characterization of its cost report for its fiscal year ending December 31, 2004. Defendants deny any such characterization of the cost report and lack knowledge sufficient to aver further because the cost report is neither contained in the record of this case nor attached to the Complaint.

22. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

23. Deny.

24. This paragraph contains Plaintiff's characterizations of the NPR, which speaks for itself. Defendants deny any such characterizations and respectfully refer the Court to the NPR at A.R. 233-34.

25. Admit that, in response to the Intermediary's denial of reimbursement for its claimed bad debt, Plaintiff requested a hearing before the PRRB, but otherwise deny.

26-27. These paragraphs contain conclusions of law, to which no response is required.

28-30. These paragraphs contain Plaintiff's characterizations of the November 1, 2007 decision of the PRRB, which speaks for itself. Defendants deny any such characterizations and respectfully refer the Court to the decision at A.R. 72-77.

31. Admit the first sentence. The second sentence contains a characterization of Plaintiff's submission to the Administrator, to which no response is required. Defendants deny any such characterization and respectfully refer the Court to Plaintiff's submission, dated December 12, 2007, at A.R. 14-16.

32-33. These paragraphs contain Plaintiff's characterizations of the December 20, 2007

decision of the Administrator, which speaks for itself. Defendants deny any such characterizations and respectfully refer the Court to the decision at A.R. 2-13.

34. The first sentence contains a characterization of the Medicaid statute, which speaks for itself. Defendants deny any such characterization and respectfully refer the Court to the cited provision for a complete and accurate statement of its contents. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in the second sentence and, on that basis, deny them.

35. Defendants hereby incorporate by reference the responses set forth above as if fully set out herein.

36. Deny.

37. Defendants hereby incorporate by reference the responses set forth above as if fully set out herein.

38. Deny.

39. Defendants hereby incorporate by reference the responses set forth above as if fully set out herein.

40. Deny.

41. Defendants hereby incorporate by reference the responses set forth above as if fully set out herein.

42. Deny.

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent that a response is deemed to be required, Defendants deny that Plaintiff is entitled to the relief requested or to any other relief. All allegations contained in

the Complaint not heretofore specifically admitted, modified, or denied are hereby generally denied as completely as if separately and specifically denied.

Defendants respectfully request that the Court enter judgment dismissing this action with prejudice, affirming the validity of the challenged agency action, and awarding Defendants costs and such other relief as the Court may deem appropriate.

The Secretary will separately file a certified copy of the administrative record.

Respectfully submitted,

/s/______________________
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

/s/______________________
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
N.Y. Reg. No. 4202982
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

/s/
ANDREW B. SPALDING
Attorney
D.C. Bar No. 501297
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
5309 Cohen Building
330 Independence Avenue S.W.
Washington, D.C. 20201
(202) 205-8705

OF COUNSEL:

JAMES C. STANSEL
Acting General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
Counsel for Litigation

United States Department of
Health and Human Services